UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOLDENTREE ASSET MANAGEMENT LP,<br><br>           Petitioner,<br><br>v.<br><br>AI MEDIA HOLDINGS (NMT) LLC AND ACCESS INDUSTRIES, INC.<br><br>           Respondents. | Civil Action No. 1:22-mc-00026(KPF)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br> |

KATHERINE POLK FAILLA, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic, sensitive commercial information that they may need to disclose in connection with trial of the Norwegian Action or this proceeding;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this proceeding (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order and within the jurisdiction of this Court — will adhere to the following terms, upon pain of contempt:

    1. **Definitions**. As used in this Order, these terms have the following meanings:

        a. "Attorney" means an attorney who has appeared in this action and/or who has been identified as counsel for a Party in connection with this action or the Norwegian Action;

1

b. "Confidential Information" means documents, testimony, information, or other material that is confidential, proprietary, or sensitive, the public disclosure of which would be damaging to the Designating Party;

c. "Highly Confidential Information" means documents, testimony, information, or other material that is of such a private, sensitive, competitive or proprietary nature (such as trade secrets) that disclosure to persons other than those identified in paragraph 9(a)-(f) below is highly likely to cause significant harm to the business or competitive position of the Designating Party's business.

d. "Designating Party" means the Party or non-party who designates information as "Confidential" or "Attorneys' Eyes Only";

e. "Discovery Material" shall have the meaning set forth in Paragraph 2 of this Protective Order;

f. "Document" refers to any information or material within the scope of Fed. R. Civ. P. 34 that is disclosed or produced in discovery in connection with this matter, including at a deposition;

g. "Norwegian Action" refers to the legal action initiated by GoldenTree Asset Management LP ("GoldenTree") against AINMT Holdings AB ("AINMT") on October 10, 2020 (No. 20-144533TVI-OTIR/03), currently pending before the Oslo District Court, including any claims or counterclaims asserted in that action by any party, and including any subsequent appeal(s);

h. "Producing Party" shall have the meaning set forth in Paragraph 4 of this Protective Order;

i. "Respondents" means collectively AI Media Holdings (NMT) LLC and Access Industries, Inc.

2. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this proceeding, including by deposition) that a person has designated as "Confidential" or Attorneys' Eyes Only pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as this Order expressly permits.

3. A Designating Party may designate documents, testimony, or the information as "Confidential" if the material contains Confidential Information or as "Attorneys' Eyes Only" if the material contains Highly Confidential Information.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Party or person producing or disclosing Discovery Material ("Producing Party") or its counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or "Attorneys' Eyes Only" Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential Information or Highly Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential or "Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated

transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or "Attorneys' Eyes Only".

      6.      If a Producing Party realizes that it should have designated as Confidential or Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, the Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Attorneys' Eyes Only.

      7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

      8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

      (a)    the Court and its staff in this action;

      (b)    the court or tribunal overseeing the Norwegian Action and their staff, subject to Sections 10 and 11;

      (c)    the parties to the Norwegian Action;

      (d)    counsel retained specifically for this proceeding or the Norwegian Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

      (e)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person;

    (f)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (g)    any witness who counsel for a party to the Norwegian Action who in good faith believes may be called to testify at trial or deposition in the Norwegian Action,

    (h)    any person a party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with the Norwegian Action, and

    (i)    stenographers engaged to transcribe depositions the Parties conduct in this action.

9.    Where a Producing Party has designated Discovery Material as "Attorneys' Eyes Only", other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Court and its staff in this action;

    (b)    the court or tribunal overseeing the Norwegian Action and their staff, subject to Sections 10 and 11;

    (c)    the Parties' counsel retained specifically for this action or the Norwegian Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter after first being advised of the terms of this Protective Order and their obligation to keep the Attorneys' Eyes Only information confidential, and the Parties' in-house counsel (including GoldenTree's Senior Litigation Advisor) with responsibility for oversight of the Norwegian Action provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (d)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter,

provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     any persons to whom the Parties agree in writing.

10.     Any Party intending to use information designated as Confidential or Attorneys' Eyes Only under this Order in connection with the Norwegian Action must take reasonable steps as permitted by Norwegian law to request that any parties to the Norwegian Action and any court or tribunal overseeing the Norwegian Action protect the Confidential or Attorneys' Eyes Only Information from public disclosure, provided that nothing herein shall prevent such Party from using information designated as Confidential or Attorneys' Eyes Only in the Norwegian Action so long as reasonable steps as described above have been taken.  The Party intending to use information designated as Confidential or Attorneys' Eyes Only agrees not to dispute the confidentiality of the information, except as otherwise provided for in this Order.  If the Designating Party has a reasonable belief that the information is at risk of public disclosure, it is entitled to seek relief from this Court.

11.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(e), 8(g), 8(h), 9(c), 9(d) or 9(e) above, counsel must provide a copy of this Order to such person and request that they agree to abide by it.

12.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. In filing Confidential or Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any

6

pleadings, motions, or other papers that disclose such Confidential or Attorneys' Eyes Only Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13. Any Party who objects to any designation of confidentiality may at anytime before the trial of the Norwegian Action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement within 48 hours, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(C) of this Court's Individual Practices; provided that with respect to a dispute concerning the designation of Attorney's Eyes Only Discovery Material the window for reaching agreement shall be 24 hours, and any opposing letter to the Court must be submitted within one business day. The Designating Party shall bear the initial burden of establishing that Discovery Material has properly been designated as Confidential or Attorney's Eyes Only.

14. Recipients of Confidential or Attorneys' Eyes Only Discovery Material under this Order may use such material that is not otherwise public or made public in compliance with this Order solely for the prosecution and defense of the Norwegian Action, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. For the avoidance of doubt, GoldenTree, including any of its affiliates, parents, subsidiaries, or agents, is prohibited from using any Discovery Material that is not otherwise public or made public in compliance with this Order in any pending or contemplated action, lawsuit, proceeding (that is, any action other than this Section 1782 action) against Respondents,

including to draft or amend any complaint. Nothing, however, prevents the receiving party from seeking to propound discovery in any United States litigation that may require production of any materials produced during this proceeding, subject to the particular jurisdiction's discovery rules and any objections or defenses that may be lodged. The submission of Discovery Material in pleadings or motions in the Norwegian Action shall not render any such Discovery Material public for purposes of this Section and any submission at the Norwegian Action trial shall comply with the terms of this Order.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 14 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden tooppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized orinadvertent disclosure of such material.

17. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the InadvertentlyDisclosed Information, and provide a certification of counsel that all such information has beenreturned or destroyed.

19. Within ten business days of the notification that such InadvertentlyDisclosed Information has been returned or destroyed, the disclosing party shall produce aprivilege log with respect to the Inadvertently Disclosed Information.

20. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal,and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

21. The Designating Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limitthe right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

22. Within 60 days of the final disposition of the Norwegian Action all recipients of Confidential or Attorneys' Eyes Only Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts,expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23. This Order will survive the termination of both this proceeding and the Norwegian Action and will continue to be binding upon all persons to whom Confidential or Attorneys' Eyes Only Discovery Material is produced or disclosed.

24. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: March 3, 2022

By: /s/ David Zensky

David Zensky
Abid Qureshi
Dakota L. Kann
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

*Attorneys for GoldenTree Asset Management LP*

/s/ Andrew J. Rossman

Andrew J. Rossman
Victor Noskov
Lucas V.M. Bento
Sophia Qasir
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, Floor 22
New York, NY 10010

Gavin S. Frisch (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
1111 Huntington Avenue, Suite 520
Boston, MA 02199

*Attorneys for Respondents AI Media Holding (NMT) LLC and Access Industries Inc.*

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party wishing
to make redacted or sealed submissions shall comply with Rule 9 of this
Court's Individual Rules of Civil Procedure.

Dated:     March 3, 2022
           New York, New York
```

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE